**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4305**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TREMAYNE HUBBARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-95-41-H; CR-04-242-H)

Submitted: September 19, 2005    Decided: October 25, 2005

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tremayne Hubbard appeals from the district court's order revoking his supervised release and sentencing him to thirty months' imprisonment. Hubbard's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal. Hubbard has been notified of his right to file a pro se supplemental brief but has not done so.

The district court found that Hubbard violated his supervised release by, among other actions, possessing marijuana. The only issue Hubbard raises on appeal is whether the district court erred in imposing its sentence without waiting for resolution of a pending state court case related to Hubbard's marijuana possession. We review the district court's decision to revoke supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3); see also United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996). During the revocation hearing, the police officer who arrested Hubbard testified about how Hubbard received a package containing marijuana. The district court found by a preponderance of the evidence that Hubbard violated his supervised release by possessing marijuana. The district court did not abuse its discretion in

- 2 -

imposing its sentence without waiting for the conclusion of the state court action because it properly found Hubbard violated his supervised release.

Hubbard also claims the district court acted unreasonably by not taking into account the potential state court punishment. When the sentence does not exceed the statutory maximum under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (2000). The district court sentenced Hubbard to the low end of the recommended sentencing range for violating his supervised release and it was not plainly unreasonable to sentence Hubbard before the resolution of his state court case.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Hubbard's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

- 3 -